# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re | |
| ROBERT CRAIG STANGER and CATHRINE C. STANGER, | **Bankruptcy Case No. 07-40926-JDP** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee R. Sam Hopkins.

Jay A. Kohler, Idaho Falls, Idaho, Attorney for Debtors.

R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

### Introduction

In this case, the Court must determine whether, under Idaho law, funds deposited in a health savings account ("HSA") for the debtor's benefit may be exempted. Debtors Robert and Cathrine Stanger claim the

MEMORANDUM OF DECISION - 1

entire balance in their HSA exempt pursuant to Idaho Code §§ 11-603(2),

(5) and 11-604(a).[1]  R. Sam Hopkins, chapter 7[2] bankruptcy trustee

("Trustee"), objected to the claim.  On March 11, 2008, the Court conducted

a hearing, and following the admission of evidence and testimony, took

the issues under advisement.  Docket No. 36.  Having now carefully

considered the record, the arguments of counsel, and the applicable law,

this Memorandum disposes of the issue.[3]

---

[1]  Although Debtors claim the funds are exempt under Idaho Code
§ 11-604(a), there is no such section in the Idaho Code.  In his objection to the
exemption Trustee perpetuated the error, by listing the same nonexistent section
that the Debtors used in their amended schedule C.  However, in his response to
that objection, Debtor's counsel corrected the mistake and asserted the account
was exempt under Idaho Code § 11-604(1)(a).  At the hearing, counsel for both
Debtors and Trustee referenced the correct section of the Idaho Code.  Despite
the error in the pleadings, the Court will analyze whether the HSA is exempt
under Idaho Code § 11-604(1)(a).

[2]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001-9037.

[3]  This Memorandum constitutes the Courts findings of fact and
conclusions of law.  Rule 7052, 9014.

MEMORANDUM OF DECISION - 2

**Facts**

On October 29, 2007, Robert and Cathrine Stanger filed a joint

petition for relief under chapter 7 of the Bankruptcy Code.  While they did

not list an HSA or claim it exempt in the original schedules filed with their

petition, on January 15, 2008, Debtors amended their schedules to list one

with a current value of $4,458.03[4], which they claimed as exempt under

Idaho Code §§ 11-603(2), (5), and 11-604(a).[5]  Docket No. 29.  Trustee

timely objected to Debtor's claim of exemption, asserting that the HSA was

not covered by the exemption statutes listed by Debtors.  Docket No. 33.

---

[4] At trial, Trustee's counsel inquired as to the balance of the account as
listed in the amended schedules.  Cathrine Stanger testified that the amended
schedules reflected the account balance in January 2008, when the schedules
were amended.  Referring to Ex. 1, which is the monthly statement for the HSA
from October 2007, she testified that on the date the petition was filed, the
account had a balance of $3,994.37.  To be precise, $3,994.37 was the balance in
the account at the beginning of the statement period, not on the date the
bankruptcy petition was filed.  As the statement clearly reflects, two credits and
one debit were made to the account during the statement period, but prior to the
filing of the petition.  The two credits were each in the amount of $140.50 which
represent funds withheld from Cathrine Stanger's biweekly paychecks and
deposited into the HSA.  The debit was for $40.49 which represents a purchase
from Eastgate Drug Store.  Thus, on the date the bankruptcy petition was filed,
the balance in the HSA was actually $4,234.88.

[5] *See* Footnote 1 regarding the incorrect citation to the statute.

MEMORANDUM OF DECISION - 3

At the hearing on Trustee's objection, Debtor Cathrine Stanger testified she set up the HSA in connection with her employment at Edward Jones.  Her establishment of, and contributions to, the HSA are not conditions of her employment.  Each year, Ms. Stanger makes an election as to how much money she will contribute from her salary to her HSA, and she determines which medical expenses will be paid from the account.  In other words, Ms. Stanger is not required to pay all of her medical expenses with funds from her HSA.  Indeed, she could elect to pay for medical expenses from separate funds (or not at all), leaving the money in her HSA to continue to grow, tax free.

Although Ms. Stanger testified that this was a "typical" HSA, at least as far as she knew, it has two distinctive features with respect to her access to the account.  First, the account has a prefund option, under which, in some circumstances Edward Jones will advance money into the

MEMORANDUM OF DECISION - 4

HSA for eligible medical expenses if the employee's account does not have sufficient funds to cover those expenses.[6]

The second distinctive feature is that the HSA may be accessed via a debit card.  Rather than requiring an employee to pay for covered expenses out of a separate account, and then seek reimbursement from the HSA, an employee may instead use a special debit card to pay for eligible expenses.  The debit card operates in the same fashion as a regular checking account debit card, but can only be used to pay for eligible medical expenses.

Aside from these distinctive features, this account functions much like other HSAs established under the applicable federal tax laws, 26 U.S.C. § 223.  Contributions to HSAs are made from wages prior to federal and FICA tax deductions, and in many cases, prior to state and local tax

---

[6] The maximum prefund amount is an employee's annual HSA pledged contribution plus unfunded firm match minus any outstanding prefunded balance and minus an employee's year-to-date HSA contributions.  Ex. 1, p. 4.

MEMORANDUM OF DECISION - 5

deductions as well.[7]  In addition, earnings on deposits, which are invested,

accumulate tax free while in the HSA.  Money withdrawn by the account

holder to pay for eligible medical expenses is also tax free.  However, since

these accounts are designed specifically for medical expenses, if funds are

withdrawn from the account and not used for qualifying medical

expenses, that money is subject to income taxes and a 10% penalty if the

person is under age 65.[8]  Lastly, unlike traditional flexible spending

accounts, there is no "use it or lose it" deadline by which to use the funds

in the HSA.  Money remaining in the account at the end of the year

automatically rolls over to the next year.

Ms. Stanger testified that no one else deposits money into the

account, however, the documentary exhibits admitted into evidence at the

hearing appear to contradict that statement.  The HSA brochure furnished

---

[7] Alabama, California, Maine, New Jersey, and Wisconsin require HSA
contributions to be made on an after-tax basis.  Ex. 1.

[8] After age 65, the funds can be used for any expense with no penalty if
income tax is paid on the withdrawal.  Cathrine Stanger was 59 years old at the
time her bankruptcy petition was filed.

MEMORANDUM OF DECISION - 6

to Edward Jones employees explains, "[i]f you contribute to an HSA, the

firm will match your contribution dollar-for-dollar, up to $500 if you have

single coverage, and up to $1,000 if you have dual or family coverage."

Ex. 1, p. 4.  Ms. Stanger's pay statement, in the "year-to-date" column, lists

$1,000 as an "HSA – Firm Match."  Ex. 2.  Thus, it appears that at least one

other person (or entity) has deposited funds in Debtors' HSA.

## Discussion[9]

### I.

Upon the commencement of a bankruptcy case, all property in

which a debtor has a legal or an equitable interest becomes property of the

bankruptcy estate.  11 U.S.C. § 541.  However, a debtor may exempt

certain types of property from administration by the trustee in that case.

---

[9]  Following the hearing, Debtors amended their schedule C yet again.
Docket No. 37.  This amendment changes the "current value" of the HSA to
$3,994.37 and claims that amount as exempt under the same provisions of the
Idaho Code previously listed.  (It perpetuates the error with respect to
nonexistent Idaho Code § 11-604(a)).  In addition, Debtors list a new section,
Idaho Code § 11-207, and claim $2,995.78 as exempt under that section.  Trustee
has not objected to this new amendment, and neither party addressed Idaho
Code § 11-207 during their argument at the hearing.  The Court expresses no
opinion as to the propriety of this amended claim.

MEMORANDUM OF DECISION - 7

*In re Katseanes*, 07.4 I.B.C.R. 79, 79 (Bankr. D. Idaho 2007).  Under

§ 522(b)(2), a state may opt-out of the Federal bankruptcy exemption

scheme provided in § 522(d).  "Idaho has 'opted-out' of the federal

bankruptcy exemptions, and its citizens are limited to the exemptions

allowed under state law."[10]  *In re Lawrence*, 03.3 I.B.C.R. 165,165 (Bankr. D.

Idaho 2003).

Trustee, as the objecting party, bears the burden of proving Debtors'

claim of exemption is not proper.  *Carter v. Anderson (In re Carter)*, 182 F.3d

1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho

2005); Rule 4003(c).  Exemption statutes are to be liberally construed in

favor of the debtor.  *Dudley v. Anderson (In re Dudley)*, 249 F.3d 1170, 1176

(9th Cir. 2001); *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001).

"However, the statutory language may not be 'tortured' in the guise of

liberal construction."  *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006)

(citing *In re Collins*, 97.3 I.B.C.R. 78, 79 (Bankr. D. Idaho 1997)).

---

[10]  Although Debtors are limited to the exemptions allowed under Idaho
law, the federal bankruptcy exemptions do not currently allow funds in a HSA to
be exempted from a bankruptcy estate.  *See* § 522(d).

MEMORANDUM OF DECISION - 8

In Idaho, as is the general rule, "'[s]tatutory interpretation begins with the words of the statute, giving the language its plain, obvious, and rational meanings.'" *In re Lares*, 188 F.3d 1166, 1169 (9th Cir. 1999) (quoting *State of Idaho v. Hagerman Water Rights Owners, Inc. (In re SRBA)*, 947 P.2d 400, 405 (Idaho 1997)). If a statute is clear and unambiguous, the Court need only apply the statute according to its terms without engaging in statutory interpretation. *Wolfe v. Farm Bureau Ins. Co.*, 913 P.2d 1168, 1174 (Idaho 1996). Unless the result of a particular interpretation of a statute is "palpably absurd," it must be assumed that the legislature meant what it stated in the statute. *Rim View Trout Co. v. Higginson*, 828 P.2d 848, 851 (Idaho 1992).

Because Debtors have claimed the HSA as exempt under three distinct provisions of the Idaho Code, the Court will discuss the applicability of each section in turn.

II.

Idaho Code § 11-603(2) provides that an individual is entitled to exempt "health aids reasonably necessary to enable the individual or a

MEMORANDUM OF DECISION - 9

dependent to work or to sustain health."  Trustee argues that this

provision is designed to exempt tangible objects and devices, such as

oxygen tanks and prosthetics, not money in a health savings account.

Trustee is correct.

As the Court has previously held, "[a]ssigning the language of the

statute its plain meaning, a 'health aid' likely refers to a tangible object,

such as a wheelchair or a walker, utilized by an individual to sustain his or

her health or to enable himself or herself to work."  *In re Lawrence*, 03.3

I.B.C.R. at 166.  Debtors have not demonstrated how amounts credited to a

dedicated savings account qualify as a health aid.  Thus, the deposits in

Debtor's HSA are not exempt under Idaho Code § 11-603(2).

III.

Idaho Code § 11-603(5) provides an unlimited exemption for

"benefits payable for medical, surgical, or hospital care."  Trustee argues

that this provision is designed to exempt benefits received by a debtor

under a policy of insurance or from public assistance; it should not be so

MEMORANDUM OF DECISION - 10

broad as to include a savings account - even an account designed strictly

for medical purposes.

Debtors, on the other hand, give the section a much broader read,

reminding the Court that exemption statutes are to be liberally construed

in their favor.  Debtors argue that because the HSA is intended to be used

for health care and related expenses, the entire account should be exempt

under this section.  Alternatively, Debtors argue that because HSAs are

designed to supplement health insurance benefits - which are clearly

exempt under this statute - the HSA should be exempt as well.

Although there is no Idaho case law defining the scope of this

exemption, this Court has previously attempted to discern its limits.  *See In

re Lawrence*, 03.3 I.B.C.R. at 166.  In *Lawrence*, the Court consulted respected

dictionaries for guidance in defining the term "benefit:"

> One accepted definition of a "benefit" is "a
> payment given by an insurance company" to
> reimburse for medical care.  *The Random House
> Dictionary* 79 (Jess Stein ed., 1980).  Another
> respected resource defines a "benefit" as
> "financial assistance that is received from an
> employer, insurance, or public program (such as

MEMORANDUM OF DECISION - 11

> social security) in time of sickness, disability, or
> unemployment." *Black's Law Dictionary* 151 (7th
> ed. 1999).

*Id*. Based upon its research, the Court concluded that Idaho Code § 11-

603(5) was most likely "designed [by the Legislature] to protect monetary

health insurance benefits payable to a debtor under a policy of insurance

for his or her own medical care or that of his or her dependants, or perhaps

under a government assistance program of some kind." *Id; cf. In re Reeves*,

02.4 I.B.C.R. 183, 184 (Bankr. D. Idaho 2002) (exempting benefits payable by

the debtor's health insurance company).  HSAs are not insurance policies,

nor are they governmental assistance programs.  Even under a liberal

construction of the statute, the Court is not persuaded by Debtors'

argument that money she sets aside for medical expenses in a dedicated

savings account is equivalent to benefits payable under such a policy or

program.  Rather, the Court agrees with Trustee that HSAs fall into a gap

in the legislation.

   The Idaho statute does not reference HSAs.  Moreover, as Debtor's

counsel correctly acknowledged at the hearing, when Idaho Code § 11-

MEMORANDUM OF DECISION - 12

603(5) was enacted in 1978, HSAs did not even exist.  It is therefore

doubtful that the Legislature intended this statute to cover such accounts.

Indeed, within the last few years, several other states have amended their

statutes to specifically exempt HSAs.[11]  Idaho has not yet followed suit.

This Court can not enact exemption law where none exists; its role is,

instead, to determine how the existing law applies in this situation.  As

currently written, Debtors may not exempt the HSA under Idaho Code

§ 11-603(5).

---

[11]  The Court's research shows that HSAs are now exempt in at least four
states.  *See* Texas Property Code § 42.0021(a) ("a person's right to the assets held
in or to receive payments . . . under any health savings account described by
Section 223 of the Internal Revenue Code of 1986, is exempt from attachment,
execution, and seizure for the satisfaction of debts . . . ."); Fla. Stat. § 222.22(2)
("Moneys paid into or out of, the assets of, and the income of a health savings
account or medical savings account authorized under §§ 220 and 223 of the
Internal Revenue Code of 1986, as amended, are not liable to attachment, levy,
garnishment, or legal process in this state in favor of any creditor of or claimant
against any account participant, purchaser, owner or contributor, or account
beneficiary."); Tenn. Code § 26-2-105(b) ("any interest of any participant or
beneficiary in . . . a Health Savings Account qualified under § 223 of the Internal
Revenue Code of 1986, as amended, are exempt from any and all claims of
creditors of the participant or beneficiary, except the state of Tennessee."); Miss.
Code § 85-3-1 ("There shall be exempt from seizure under execution or
attachment:  . . . (f) The assets of a health savings account, including any interest
accrued thereon. . . .").

MEMORANDUM OF DECISION - 13

IV.

Idaho Code § 11-604(1)(a) provides that an individual is entitled to an exemption to the extent reasonably necessary for the support of him and his dependants for "benefits paid or payable by reason of disability or illness." To the extent that this section parrots the language in Idaho Code § 11-603(5), focusing on "benefits paid or payable," a similar analysis would apply. In addition, it is undisputed that many of the medical expenses eligible for payment from the HSA would not necessarily result from the Debtors' "disability or illness." Thus, Debtor's HSA is also not exempt under Idaho Code § 11-604(1)(a).

## Conclusion

While a policy protecting a debtor's deposits in a qualified HSA from reach by creditors or a trustee in bankruptcy would be laudable, none of the existing Idaho exemption provisions cover such deposits. In particular, HSAs are not exempt under Idaho Code §§ 11-603(2), (5) or 11-604(1)(a) as these provisions are currently written. Thus, a separate order will be entered sustaining Trustee's objection, and disallowing Debtors'

MEMORANDUM OF DECISION - 14

claim of exemption on amounts deposited in the HSA as of the date of the

filing of the bankruptcy petition.

Dated: April 8, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 15